UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAN LEE DOBNEY and )
LEONARD SADDLER, )
)
    Plaintiffs, )
)
vs. )   CASE NO.:
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiffs, Dian Lee Dobney and Leonard Saddler, by and through the undersigned counsel, and sues the Defendant, United States of America, and alleges as follows:

JURISDICTIONAL FACTS AND IDENTIFICATION OF THE PARTIES

1. This is a cause of action for damages that exceed $100,000.00, exclusive of interest and costs, and is thus within the jurisdiction of this Court.

2. Additionally, this action is brought pursuant to the Federal Tort Claims Act (28 USC section 2674 et sequential) as is further detailed in this Complaint. Accordingly, the Plaintiffs damages are capped by law at the amounts stated in the Form 95 claims submitted to the federal agency, U.S. Department of Health and Human Services.

3. At all times material to this Complaint, the Plaintiffs, Dian Lee Dobney and Leonard Saddler, were and are husband and wife, residing in Fort Myers, Lee County, Florida.

4. Prior to and on September 3, 2018, Dian Lee Dobney was a patient of one Sara Shanahan, a midwife, who was employed by the Family Health Centers of Southwest Florida, Inc.

1

5. At all times material to this Complaint, Family Health Centers of Southwest Florida, Inc. was an FTCA "deemed facility," and as such, the United States of America is the proper party Defendant in this action, which arises out of medical negligence that occurred during the delivery process at Gulf Coast Medical Center Hospital in Fort Myers, Florida.

6. Plaintiffs timely presented their personal injury claims to the Chief Counsel ó Office of General Counsel of the U. S. Department of Health and Human Services through a Form 95 and accompanying documentation. That agency made no determination on the claims which were presented and delivered to the agency on March 30, 2020. On September 1, 2020, Plaintiffs filed suit against Defendant in the U.S. District Court for the Middle District of Florida under case number 2:20cv00679. Subsequently, Plaintifføs counsel was contacted by the Assistant US Attorney assigned to handle the case. Upon discussion, Plaintifføs counsel agreed to voluntarily dismiss the 2020 case as the 6 month period for the agency to take action on Plaintiffsøclaims had not elapsed. The 2020 case was voluntarily dismissed on December 9, 2020.  Now, over 6 months has passed since the agency received the Form 95 notices from Plaintiffs.

7. Plaintiffs have satisfied all conditions precedent to maintaining the within causes of action as against the Defendant under the Federal Tort Claims Act, or in the alternative, the Defendant has waived those conditions precedent.

8. Family Health Centers of Southwest Florida, Inc., was deemed eligible for coverage under the Federal Tort Claims Act effective November 1, 1993, by the Department of Health and Human Services, pursuant to 42 USC § 233(h).

9. Therefore, the employees of Family Health Centers of Southwest Florida, Inc., including, but not limited to, Sara Shanahan, CNM, are deemed employees of the United States

of America for Federal Tort Claims Act purposes and that therefore, the United States of America is the proper Defendant in these causes of action.

10. All times material to this Complaint, Sara Shanahan, was a midwife, practicing as a health care provider in Lee County, Florida, within the Middle District of Florida.

11. At all times material, the Defendant, Family Health Centers of Southwest Florida, Inc., was and is located within Lee County, Florida, within the Middle District of Florida, and all of the acts complained of in this Complaint occurred in Lee County, Florida.

## FACTS GIVING RISE TO THESE CAUSES OF ACTION

12. Prior to September 3, 2018, the Plaintiff, Dian Lee Dobney, was a patient of Family Health Centers of Southwest Florida, Inc. and Sara Shanahan, CNM. Dian Lee Dobney received pre-natal care from Family Health Centers of Southwest Florida, Inc., its agents and employees, and Sara Shanahan, CNM.

13. Dian Lee Dobney presented to the Gulf Coast Medical Center on September 3, 2018 and came under the care of Sara Shanahan, CNM. The patient was complaining of contractions.

14. The unborn infant exhibited a non-reassuring heart rate according to the medical record.

15. The non-reassuring heart rate required immediate action by the delivery team and immediate notification to the delivering physician.

16. The patient was transported to the delivery room, and the physician was not called for approximately 30 minutes and did not arrive until 10 minutes after the call. At that point, the physician performed a bedside ultrasound, and no fetal heart rate was visualized. The fetal demise was confirmed at 2:51 a.m. by a sonographer.

17. Plaintiffs, through counsel, conducted an investigation of the facts and circumstances of the fetal demise and obtained expert corroboration that the midwife, Sara Shanahan, CNM, breached the prevailing professional standard of care for a similarly situated medical provider under like circumstances.

18. The midwife, Sara Shanahan, CNM, breached the prevailing professional standard of care by failing to notify the physician of the non-reassuring heart rate in a timely manner.

19. The midwife, Sara Shanahan, CNM, also breached the prevailing professional standard of care by artificially rupturing the membrane, using an amino hook and failing to timely prepare for a C-section delivery.

20. Had the physician been timely notified of the non-reassuring heart rate, and had a timely C-section been performed, the baby born to Dian Lee Dobney would have survived.

## COUNT 1

## NEGLIGENCE OF THE UNITED STATES OF AMERICA

21. Plaintiff realleges and re-avers the Jurisdictional Facts and Identification of the Parties and the Facts Giving Rise to These Causes of Action as though fully set forth herein.

22. At all times material to this Complaint, Sara Shanahan, CNM and Family Health Centers of Southwest Florida, Inc., their agents and employees, owed a duty of reasonable care as defined by the prevailing professional standard of care for similar health care providers to Dian Lee Dobney.

23. At at all times material to this Complaint, Family Health Centers of Southwest Florida, Inc., Sara Shanahan, CNM, and the agents and employees of Family Health Centers of Southwest Florida, Inc., owed a duty of care to exercise that degree of knowledge, skill and care

which is generally used and recognized as acceptable in similar cases and circumstances, by reasonably prudent health care providers.

24. The Defendant, the United States of America, by and through the employees of Family Health Centers of Southwest Florida, Inc. and Sara Shanahan, CNM, were responsible for the supervision and training of its agents, servants and employees, including midwives, and is liable to the Plaintiffs for the negligence of its agents, servants, or employees who negligently performed their duties during the delivery process with Dian Lee Dobney.

25. The Defendant, the United States of America, carelessly breached its duty of care to the Plaintiffs, in one or more of the following ways, any one of which was a departure from and fell below the prevailing professional standard of care:

    a. When Dian Lee Dobney presented to Gulf Coast Medical Center at 1:07 a.m., Ms. Dobney was complaining of contractions, and the unborn infant exhibited a non-reassuring heart rate, according to the medical record. The non-reassuring heart rate required immediate action by the delivery team and notification to the physician. This was not done; and

    b. In failing to timely prepare for a C-section delivery; and

    c. In allowing 30 minutes to pass before the delivering physician was notified and asked to respond to the unborn infant's non-reassuring heart rate, with the result being that the physician did not arrive until 40 minutes after the non-reassuring heart rate was noted, and

    d. By artificially rupturing the membrane; and

    e. By using an amino hook in an improper fashion; and

    f.  In failing to properly instruct and supervise Sara Shanahan, CNM and her co-employees in the proper, timely response to an unborn infant's non-reassuring heart rate.

  26.  As a direct and proximate result of the negligence of the Defendant, its agents and employees as is set forth above, the Plaintiff, Dian Lee Dobney, suffered personal injury damages, including bodily pain and suffering, mental anguish, depression and emotional damage, as well as the costs of hospitalization and medical care obtained in the past.  The emotional and intangible damages as suffered by the Plaintiff, Dian Lee Dobney, are permanent and continuing in nature, and the Plaintiff, Dian Lee Dobney, will continue to suffer those damages into the future.

  27.  As a direct and proximate result of the negligence of the Defendant as is set forth in this Complaint, the Plaintiff, Leonard Saddler, suffered mental anguish and emotional damages from the birth of the stillborn child, and additionally for the damages sustained by his wife and partner.

  WHEREFORE, the Plaintiffs, Dian Lee Dobney and Leonard Saddler, demand judgment for compensatory damages against the Defendant, the United States of America, and further demand a trial in this action, and the costs as allowed by law.

            Respectfully submitted:

            /s/Jay Calvert Cooper
            Jay Calvert Cooper, Esquire
            Florida Bar # 599832

            Law Office of Jay Calvert Cooper, PA
            Post Office Box 2649
            Fort Myers, Florida 33902-2649
            Telephone No.: 239-931-9995
            jcalpa@yahoo.com, jaycooperlaw@gmail.com